Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KANTOR GALLERY, a California Art Gallery; KENNY SCHACHTER, an individual; ART.SY, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT 17 U.S.C. §1202<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff, Dr. Elliot McGucken ("McGucken") by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391© and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. McGucken is an individual residing in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant KANTOR GALLERY ("KANTOR") is a Los Angeles based art gallery with its principal place of business located at 9663 Santa Monica Boulevard, Suite 799, Beverly Hills, CA 90210, and is doing business in the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant KENNY SCHACHTER ("SCHACHTER") is an individual residing in Los Angeles County.

7. Plaintiff is informed and believes and thereon alleges that Defendant ART.SY, INC. a Delaware Corporation, with a principal place of business at 401 Broadway 26th Floor, New York, New York, 10013, conducting business in the State of California through its website www.artsy.net.

8. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or

otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPH

10. McGucken created and owns an original photograph ("Subject Photograph") that was published before the infringement at issue.

11. Plaintiff has registered the Subject Photograph with the United States Copyright Office under registration number VA0002121720 and has complied with all necessary formalities.

12. Plaintiff's investigation revealed that Defendants published and hosted posts on their website(s) and exhibit(s) in their gallery(ies) that incorporated unauthorized copies of the Subject Photograph (the "Subject Uses").

13. On May 22, 2019, Plaintiff sent cease and desist letters to Defendants providing notice of the infringement and requesting Defendants take down the Subject Photograph and discontinue the Subject Uses.

14. The Subject Uses are derivative works of the Subject Photograph with a silhouette figure imposed over the Subject Photograph. The Subject Uses are not transformative and do not constitute "fair use."

15. True and correct representations of the Subject Photograph and the corresponding unauthorized uses of said photograph from the Subject Uses are attached hereto in **Exhibit A**. These examples reflect a non-exhaustive series of uses through which Defendants published and displayed the Subject Photograph without authorization.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, posted, hosted, displayed and distributed the Subject Photograph without Plaintiff's permission.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on Plaintiff's website, (b) viewing Subject Photograph online, and (c) viewing Subject Photograph through a third party. Plaintiff further alleges that the identical nature of the copying establishes access.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photograph and exploited said photography online and in gallery exhibits.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative

works from the Subject Photograph and by publishing and displaying the infringing material to the public, including without limitation, through their website(s) or elsewhere.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photograph without Plaintiff's authorization or consent.

22. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504©(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

25. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posts that incorporated the unauthorized copies of the Subject Photograph, and were able to supervise the publication of said posts or exhibits.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504©(2) of the

Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each))

31. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. Plaintiff's photography was routinely published with attribution, credit, and other copyright management information. His name, the title of the publication, and other indicia of authorship would be visible on his work.

33. The Subject Photograph was shown in a group exhibition in 2013 and a print of which was made to display in the Santa Monica UCLA Medical building.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before publishing same.

35. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

36. When Defendants published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

37. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, publication, or gallery owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

e. That Plaintiff be awarded their costs and fees under the above statutes;

f. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

      i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                                        Respectfully submitted,

Dated: June 3, 2021            By:       */s/ Scott Alan Burroughs*
                                                           Scott Alan Burroughs, Esq.
                                                           Frank R. Trechsel, Esq.
                                                           DONIGER / BURROUGHS
                                                           Attorneys for Plaintiff
                                                           Dr. Elliot McGucken

# Exhibit A

## Image



## Offending Use





<2:21-cv-04593-KS Document 1 Filed 06/03/21 Page 12 of 12 Page ID #:12



12
COMPLAINT